IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT HALL,

    Plaintiff,

vs.                                                                                                          No. CIV 20-1198 JB/KK

CURRY COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Scott Hall's failure to address the civil filing fee, as 28 U.S.C. § 1915(a) requires. The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Hall to prepay the civil filing fee in connection with his Pro Se Letter Raising Civil Rights Violations, filed November 16, 2020 (Doc. 1)("Letter-Complaint") or, alternatively, to file an application to proceed in forma pauperis. See Order to Cure Deficiency, filed December 2, 2020 (Doc. 3)("Cure Order"). Because Hall has failed to comply or to show cause for his failure, the Court will dismiss this case without prejudice.

## BACKGROUND

Hall is incarcerated at the Curry County Detention Center ("Curry Detention"). See Letter-Complaint at 1. He filed the Letter-Complaint on November 16, 2020, and appears to allege that Curry Detention violated the Constitution of the United States of America by declining to hospitalize him after he tested positive for COVID-19. See Letter-Complaint at 1-2. Hall seeks $90,000.00 in damages from Curry Detention. See Letter-Complaint at 1. By an Order entered November 17, 2020, the Court referred the matter to Magistrate Judge Khalsa for recommended

findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases (Doc. 2). Thereafter, Magistrate Judge Khalsa entered the Cure Order. See Cure Order at 1. The Cure Order observes that Hall failed either to prepay the civil filing fee or to file a motion to proceed in forma pauperis along with an inmate financial statement. See Cure Order at 1. The Cure Order directed Hall to cure such deficiency within thirty days of its entry, i.e., by January 1, 2021. See Cure Order at 1. Hall has not complied with the Court Order, has not shown cause not complying with the Cure Order, or otherwise responded to the Cure Order.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular

procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162. Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; and (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Hall did not submit the civil filing fee, as the Cure Order required. Section 1915 of Title 28 also states that federal courts can only "authorize the commencement . . . of a[] suit . . . without prepayment of [filing] fees . . . by a person who submits" a completed in forma pauperis application. 28 U.S.C. § 1915(a)(1). In light of Hall's failure to comply with the Cure Order, prepay the civil filing fee, or file an in forma pauperis application, the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

**IT IS ORDERED** that: (i) Scott Hall's Pro Se Letter Raising Civil Rights Violations, filed November 16, 2020 (Doc. 1), is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b); and (ii) the Court will enter a separate judgment.

                                                               _____
                                                               UNITED STATES DISTRICT JUDGE

Parties:

*Pro se plaintiff*

Scott Hall
Curry County Detention Center
Clovis, New Mexico

- 4 -