IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT HALL,

    Plaintiff,

vs.                                                                                                                  No. CIV 20-1198 JB/KK

CURRY COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Scott Hall's two post-judgment filings: (i) his Application to Proceed in District Court Without Prepaying Fees or Costs, filed February 10, 2021 (Doc. 7)("IFP Motion"); and (ii) his Motion for Appointment of Counsel, filed February 11, 2021 (Doc. 8)("Motion Seeking Counsel"). Hall appears to seek that relief along with reconsideration of the Memorandum Opinion and Order, filed January 19, 2021 (Doc. 4)("Dismissal MOO"), which dismisses his civil rights action for failure to prosecute. See IFP Motion at 1; Motion Seeking Counsel at 1; Dismissal MOO. Because Hall does not demonstrate grounds for reconsideration, the Court will deny both motions.

## BACKGROUND

Hall initiated this action on November 16, 2020, by filing a pro se Letter Raising Civil Rights Violations (Doc. 1)("Letter-Complaint"). At the time, Hall was incarcerated at the Curry County Detention Center in Clovis, New Mexico ("Curry Detention"). See Letter-Complaint. The Letter-Complaint alleges that Curry Detention did not hospitalize him after he tested positive for COVID-19. See Letter-Complaint at 1-2. Hall seeks $90,000.00 in damages from Curry Detention. See Letter-Complaint at 1.

By an Order of Reference Relating to Prisoner Cases, filed November 17, 2020 (Doc. 2)("R&R Order"), the Court referred the matter to the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See R&R Order at 1. Magistrate Judge Khalsa thereafter directed Hall either to prepay the civil filing fee or to file a motion to proceed in forma pauperis along with an inmate financial statement. See Order to Cure Deficiency, filed December 2, 2020 (Doc. 3)("Cure Order"). The Cure Order directs Hall to cure such deficiency within thirty days of its entry, i.e., by January 1, 2021. See Cure Order at 1. Hall did not comply with the Cure Order, show cause for such failure, or otherwise respond to the Cure Order.

On January 19, 2021, the Court entered the Dismissal MOO along with a Final Judgment. See Dismissal MOO, 2021 WL 184463, at *1; Final Judgment, filed January 19, 2021 (Doc. 5)("Final Judgment"). In the Dismissal MOO, Court observed:

> Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).
>
> "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v.

<u>Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d 1158, 1162 (10th Cir. 2016).   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d at 1162. Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; and (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. See <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d at 1162.

Here, Hall did not submit the civil filing fee, as the Cure Order required. Section 1915 of Title 28 also states that federal courts can only "authorize the commencement . . . of a[] suit . . . without prepayment of [filing] fees . . . by a person who submits" a completed in forma pauperis application.   28 U.S.C. § 1915(a)(1).   In light of Hall's failure to comply with the Cure Order, prepay the civil filing fee, or file an in forma pauperis application, the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.   See <u>Olsen v. Mapes</u>, 333 F.3d 1199 at 1204.   The dismissal will be without prejudice, after considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d at 1162.

Dismissal MOO, 2021 WL 184463, at *1-2.

About three weeks after dismissal, Hall filed the IFP Motion and the Motion Seeking Counsel.  Those motions do not acknowledge the Dismissal MOO or Final Judgment, both of which Curry Detention returned as undeliverable.  See Mail Returned as Undeliverable, filed February 26, 2021 (Doc. 6).  This mailing issue did not impact Hall's ability to comply with the Cure Order itself, because, unlike the Dismissal MOO, the Cure Order was not returned as undeliverable.  It appears Hall received the Cure Order, even if he did not comply timely, because he returned a completed form -- the IFP Motion -- that was included in the mailing along with the Cure Order.  Curry Detention also returned the IFP Motion and the Motion Seeking Counsel as undeliverable, and Hall has not updated his address.  See Mail Returned as Undeliverable, filed

February 26, 2021 (Doc. 9); Mail Returned as Undeliverable, filed February 26, 2021 (Doc. 10).[1] Because Hall filed the IFP Motion and the Motion Seeking Counsel after entry of the Dismissal MOO and Final Judgment, the Court will consider whether there are grounds to set aside the dismissal ruling.

## ANALYSIS

A post-judgment motion filed within twenty-eight days of its entry is usually analyzed under rule 59(e) of the Federal Rules of Civil Procedure. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under rule 59(e). See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Hall does not rely on new evidence, law, or a mistake, nor do the post-judgment filings acknowledge the Dismissal MOO. See IFP Motion at 1-2; Motion Seeking Counsel at 1-2. The

---

[1] Both the IFP Motion and Motion Seeking Counsel were sent to the Curry County Detention Center. See Mail Returned as Undeliverable, filed February 26, 2021 (Doc. 9) at 1, and the Mail Returned as Undeliverable, filed February 26, 2021 (Doc. 10) at 1. The return address listed on the letters containing the IFP Motion and the Motion Seeking Counsel is a P.O. box in Grants, New Mexico, that belongs to the Northwest New Mexico Correctional Center. See IFP Motion at 3; Motion Seeking Counsel at 2; Northwest New Mexico Correctional Center, New Mexico Corrections Department, https://cd.nm.gov/divisions/adult-prison/nmcd-prison-facilities/northwest-new-mexico-correctional-center/ (last visited July 22, 2021). Hall is currently in custody at the Northwest New Mexico Correctional Facility, not the Curry County Detention Center. See Scott Hall, Offender Search, New Mexico Corrections Department, https://cd.nm.gov/offender-search/ (last visited July 22, 2021). Even though Hall is under a continuing obligation to update his address, see D.N.M. LR-CR. 44.1(i), that Hall did not receive the IFP Motion or the Motion Seeking Counsel does not change that he failed to comply timely with the Cure Order.

Court entered the Dismissal MOO without prejudice and without assessing a strike under 28 U.S.C. § 1915(g).  See Dismissal MOO at 3.  Hall has not paid any portion of the filing fee in this case. The claims arose in 2020, at the earliest, and will not be time-barred if filed anew.  The three-year personal injury statute of limitations in N.M.S.A § 37-1-8 governs § 1983 violations occurring in New Mexico.  See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014); McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011)(explaining that the statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose").  Accordingly, Hall will face no prejudice by filing a new case rather than seeking to reopen this case.  If and when Hall wishes to prosecute, requiring Hall to file a new case would also be more appropriate, because he has severed contact with the Court.  The Court therefore will deny the IFP Motion and the Motion Seeking Counsel, to the extent Hall seeks to set aside the Judgment and obtain such relief in this case.  The Court's ruling has no impact on whether Hall may obtain such relief later, if he elects to file a new case.

**IT IS ORDERED** that (i) Plaintiff Scott Hall's Application to Proceed in District Court Without Prepaying Fees or Costs, filed February 10, 2021 (Doc. 7), is denied; and (ii) his Motion for Appointment of Counsel, filed February 11, 2021 (Doc. 8), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Scott Hall
Clovis, New Mexico

    *Plaintiff pro se*